JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AnnMarie Mahoney

### DEFENDANTS
Town of West Springfield and Jason Douglas

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Harold I. Resnic, One Monarch Place, 1414 Main Street, Suite #1450, Springfield MA 01144

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983

Brief description of cause:
Plaintiff was injured during arrest by West Springfield Police Officers.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11-25-2020

SIGNATURE OF ATTORNEY OF RECORD: *Harold I. Resnic*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

LAW OFFICES OF
# HAROLD I. RESNIC
One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax (413) 747-8044
harold@resniclaw.com

November 25, 2020

United States District Court
Western Division
ATTN: Civil Clerk
300 States Street
Springfield, MA 01105

Re: ANNMARIE MAHONEY v. TOWN OF WEST SPRINGFIELD AND JASON DOUGLAS

Dear Clerk:

    Enclosed please find the Complaint to be filed with the Court in the above matter. Please issue a summons for the Defendants.

Very truly yours,

*Harold I. Resnic*

Harold I. Resnic, Esq.

HIR/rc
Enc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 3:20cv30182

| | |
|---|---|
| ANNMARIE MAHONEY, <br> Plaintiff | |
| v. | COMPLAINT |
| TOWN OF WEST SPRINGFIELD AND <br> JASON DOUGLAS <br> Defendants, | |

## JURISDICTION

1. This action is brought, pursuant to 42 U.S.C., Sections 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## PARTIES

2. The Plaintiff, ANNMARIE MAHONEY, is a natural person who resides at 71 Lower Mass Avenue, West Springfield, Massachusetts.

3. The Defendant, TOWN OF WEST SPRINGFIELD, is a municipal corporation organized under the laws of the Commonwealth of Masssachusetts and maintains and operates the West Springfield Police Department located at 26 Central Street,

4. The Defendant, Jason Douglas, is an Officer with the West Springfield Police Department.

## FACTS

5. On December 10th, 2017 at approximately 2:30, p.m, the Plaintiff called 911 because she thought she may be suffering from a heart attack but hung up the phone before she could speak with anyone regarding her health concerns.

6. The Plaintiff, after hanging up the phone then left her home at 71 Lower Mass Avenue, to calm herself down by driving to a nearby park where she said a prayer before returning to her house.

1

28. Additionally, on March 6, 2019 the charge of Stalking Ms. Anselmo was dismissed.

## DAMAGES

29. Plaintiff experienced serious pain and suffering from the acts of the Defendants.

30. Defendant's wrongful actions caused Plaintiff emotional distress and humiliation.

31. Defendant's actions caused Plaintiff physical injuries as outlined above.

32. Plaintiff was wrongfully incarcerated in Chicopee Jail for a period of 4 months.

33. Plaintiff to this day fears the members of the West Springfield Department.

## COUNT ONE
## EXCESSIVE FORCE

34. Plaintiff repeats and realleges the the allegations contained in Paragraphs one through 33.

35. Defendant Officer Jason Douglas used excessive force when he maliciously threw his body into the chest of Plaintiff, near where she had stents for her heart, before grabbing her arm in a violent manner and held it behind her back while hurling her into a nearby recliner chair.

36. Plaintiff was adamant about Officer Douglas leaving her house as there was no reason for him to be inside of her house, without her consent in the first place, and she made him verbally aware of that.

37. Plaintiff asserts that Officer Douglas acted out of anger when he intentionally bumped in to her before aggressively grabbing and injuring her right arm.

38. Plaintiff asserts that Officer Douglas acted maliciously and offensively towards her when he placed her in his car to transport her to the station all the while insulting her with remarks about her sexual orientation. He then proceeded to drive her around the streets of West Springfield for about 15 minutes to the police station when the drive time to the station is no more then a five minute ride from Plaintiff's house.

39. Plaintiff has suffered emotional distress and has sought medical treatment from the way she was treated by Officer Douglas.

WHEREFORE, the Plaintiff demands Judgement in such an amount as the Court deems equitable and just, plus interest, attorney's fees and costs

7.  Shortly thereafter, Plaintiff returned to her home and noticed there were two police cruisers from West Springfield that were parked across the street from her home.

8.  The Plaintiff then entered her housed and noticed Defendant, Officer Jason Douglas was in her kitchen and when she came in the house was asked by Douglas, "why the Fuck did you run?" and then continued to swear at plaintiff and used derogatory terms such as "dyke", stated she was "trash"and told her to "go home to New York", from where Plaintiff grew up.

9.  Plaintiff asked Douglas to leave her house as she was concerned for her safety as well as the safety of her three dogs and bird who she noticed seemed traumatized by Douglas' conduct while in her home.

10. Plaintiff then went to get her pet bird to place it back in it's cage and upon doing so turned around when Douglas slammed in to her with his chest striking her breasts and chest and, while Plaintiff was falling down from the force of the impact, then had her right arm grabbed by Douglas who aggresively held it behind her back before finally throwing her into a recliner chair.

11. Plaintiff, who has two stents in her heart from prior medical problems, tried to protect her heart with her left hand as she was concerned about further damage that could be done to her already sensitive chest and heart area of her body.

12. At that point Officer Battista entered the room and Plaintiff complained to him that Douglas was hurting her and asked for him to help calm Douglas down.

13. Officer Battista responded by ordering Plaintiff to place her left arm behind her back so she could be handcuffed. Plaintiff complied and she was cuffed in a very aggressive manner and taken to Douglas' police vehicle by both of the officers.

14. Plaintiff was then driven to West Springfield Police Department by Douglas who, for the entire ride, continued to use vulgar and offensive language towards her regarding, primarily, her sexual orientation.

15. At this point, Plaintiff still was not told for what she was being arested and while at the station was placed in a holding cell where Plaintiff asked for medical attention for the injury she sustained when Douglas was in the process of placing her in handcuffs.

16. Plaintiff was told by an unidentified female officer that she believed Plaintiff was suicidal as evidenced by the sling that she had made from her shirt to brace her injured arm. However, the officer responded to Plaintiff that she believed the sling was a way for Plaintiff to hang herself in the cell at the station.

17. Plaintiff then asked for medical attention to address her right arm pain from her encounter with Defendant Douglas and was eventually taken by ambulance from the police station to the Mercy Hospital where she had her arm examined and was diagnosed with an elbow sprain. In addition, she was examined for psychological issues, specifically, for suicidal

ideations, that she vehemently denied while at Mercy.

18. Upon release from Mercy on December 10, 2017, Plaintiff returned to her house and proceeded to call the West Springfield Police Department to file an internal affairs complaint against Douglas because of how he had treated her earlier that day. Plaintiff spoke with Sargeant Apostle and asked if he would come to her house to address her complaint(s) against Douglas. Sargeant Apostle told her she would have to come down to the station to discuss this matter as he was too busy, apparently, to come to Plaintiff's home.

19. Plaintiff then, accompanied by a woman who was staying at her house, Linda Anselmo, did indeed go to the station where she was promptly arrested for the second time that day for allegedly assaulting Ms. Anselmo.

20. Later that evening Plaintiff went in front of a Judge Michele Ouimer-Rouke at the Springfield District Court who ordered that she be held on a bail in the amount of $1000.00 for allegedly assaulting Ms. Anselmo and, in addition, issued an Order of Protection for Ms. Anselmo.

21. Plaintiff had to spend eight days in the Chicopee Jail before she was eventually released on December 18th by her sister who paid the bail amount.

22. When Plaintiff eventually returned to her house on the 18th of December she found that her house had been completely burglarized, she believed, by her then roommate, Linda Anselmo. Plaintiff believes the total value of the items stolen from her home totaled approximately $3400.00.

23. Plaintiff filed a Complaint with West Springfield Police regarding this matter on the 21st of December which was not taken seriously by the investigator(s) assigned to this matter. Police Officer, Paulita Hannah, after speaking with Linda Anselmo, determined in her report of January 18, 2018, that "it was determined this case does not need to be investigated", despite a clear and detailed list of items Plaintiff listed were missing from her house while she was in jail in Chicopee.

24. The following day numerous officers of West Springfield appeared at her house to rearrest her for allegedly violating the Protectove Order that was previously issued to Plaintiff to stay away and not contact Ms. Anselmo.

25. As a result of this last arrest, Plaintiff's bail was revoked and she was sent back to the Chicopee Jail where she spent four months.

26. Plaintiff was charged relating to the December 10th, 2017 incident at her house, with Assault and Battery on Defendant, Douglas, Disorderly Conduct, Resisting Arrest and Assault and Battery on a Family/Household Member.

27. Additional charges were added and trial was set for November, 2019. At this trial, in Springfield District Court in front of a jury, Plaintiff was found not guilty on every single charge.

## COUNT TWO
## VIOLATION OF 42 U.S.C. SEC. 1983

40. Plaintiff repeats and realleges the allegations contains in Paragraphs one through 39.

41. On December 10th, 2017 Officer Jason Douglas Officer Battista were dispatched to the home of Plaintiff located at 71 Lower Mill Avenue, West Springfield, Massachusetts to answered.

42. During this incident Officers Douglas and Battista were acting under the color of state law when thay deprived Plaintiff of her First, Fourth, Fifth and Fourteen Amendment rights under the United States Constitution.

43. Plaintiff was handcuffed by Officer Douglas and Battista who used excessive force to restrain her. She was then transported to the Mercy Hospital for evaluation.

44. As a direct and proximate result of the actions of the Defendant, Plaintiff suffered personal injury, unnecessary incarceration, monetary loss, emotional distress and has otherwise damaged.

WHEREFORE, the Plaintiff demands Judgement in an amount as the Court deems equitable, just plus interest, attorney's fees and costs.

### PLAINTIFF DEMANDS A TRIAL BY JURY

THE PLAINTIFF,
By Her Attorney,

*/s/ Harold I. Resnic*

Harold I. Resnic, Esq.
BBO #417040
One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax: (413) 747-8044 (fax)
harold@resniclaw.com

5

Date: November 25, 2020